1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  AMBER L.,[1] | Case No. 2:20-cv-06500-GJS |
| 12          Plaintiff | |
| 13      v. | **MEMORANDUM OPINION AND ORDER** |
| 14  KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | |
| 15          Defendant. | |
| 16 | |

17              **I.    PROCEDURAL HISTORY**

18      Plaintiff Amber L. filed a complaint seeking review of Defendant

19  Commissioner of Social Security's ("Defendant") denial of her application for

20  Supplemental Security Income ("SSI").  The parties filed consents to proceed before

21  the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing

22  disputed issues in the case [Dkt. 16 ("Pltf.'s Br.") and Dkt. 19 ("Def.'s Br.")].

23

---

24      [1]      In the interest of privacy, this Order uses only the first name and the initial of
25  the last name of the non-governmental party.

26      [2]      Kilolo Kijakazi became the Acting Commissioner of Social Security on July
    9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo
27  Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this
    suit.  No further action need be taken to continue this suit by reason of the last
28  sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff did not file a reply.  The Court has taken the parties' briefing under submission without oral argument.  For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II.  ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff applied for SSI under Title XVI of the Social Security Act in April 2017, alleging disability beginning March 5, 2012.  [Administrative Record (AR 168-178).]   The agency denied Plaintiff's claims initially and on reconsideration (AR 90-99), and Administrative Law Judge ("ALJ") Philip J. Simon convened a hearing in May 2019.  [AR 32-68.]  In a decision dated July 30, 2019, the ALJ determined that Plaintiff was not disabled, following the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a).  [AR 17-27.]

As relevant here, the ALJ found that Plaintiff had medically severe impairments of autism spectrum disorder with intellectual impairment; an anxiety disorder; and depressive disorder. [AR 19.]  The ALJ concluded that these impairments did not meet or equal any impairment listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (AR 20) and found that Plaintiff had the following Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels, but with nonexertional limitations including:

> She is able to perform work involving only short and simple instructions. She can have no public contact. She can have limited interpersonal contact overall. The claimant can work in an environment where there are other people around, but would be doing her own work. She cannot perform work involving teamwork interdependence among employees; she can have normal contact with supervisors to get work assignments, with occasional changes in work assignments and occasional feedback, encouragement, or correction from supervisors.

[AR 22.]

The ALJ determined that Plaintiff had no past relevant work.  [AR 25.]  The ALJ determined, however, that considering Plaintiff's age, education, work experience, and RFC, there were jobs in the national economy that Plaintiff could

perform, and she was not disabled.  [AR 26-27.]  The ALJ's determination was based, in part, on a colloquy with a Vocational Expert ("VE"), John Komar.  [AR 60-67.]  The VE was asked to opine, given Plaintiff's RFC, "what jobs might be available?"  [AR 58.]  The VE responded that there would be positions as an "advertising material distributor," "silver wrapper," "photocopying machine operator," and "collator operator."  [AR 62.]  When asked whether those jobs were consistent with the DOT, the VE responded in the affirmative.  [AR 63.]

Plaintiff challenges the ALJ's decision based on two alleged errors.  First, Plaintiff contends that the ALJ improperly rejected the state agency reviewing psychologists' opinions, without explanation, that Plaintiff is limited to "*superficial* interactions with supervisors" and/or "coworkers" which conflicts with the ALJ's finding that Plaintiff can have "*normal* contact with supervisors."   [Pltf.'s Br. at 6-9.]  Second, Plaintiff contends that her RFC limitation to "*short and simple instructions*" conflicts with the representative jobs identified by the VE, three of which, pursuant to the Dictionary of Occupational Titles ("DOT") require reasoning level 2, where reasoning level 2 requires "[applying] commonsense understanding to carry out *detailed* but uninvolved written or oral instructions."  [Pltf.'s Br. at 6-9.]  And although the fourth position "advertising material distribution" requires only level 1 reasoning, Plaintiff is precluded from performing work that requires "public contact."  [Pltf.'s Br. at 9.]

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v.*

3

*Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV.    DISCUSSION

### A.    The ALJ Failed to Properly Evaluate the Persuasiveness of a Prior Administrative Medical Finding

Plaintiff argues that the ALJ failed to incorporate the limitations assessed in the prior administrative medical finding ("PAMF")[3] completed by Dr. Elizabeth Covey, Psy. D. and Dr. Sandip Sen, M.D., state agency psychologists who reviewed the medical records after Plaintiff sought reconsideration of the agency's denial of her claims. (Pltf.'s Br. at 10-13.) For the following reasons, the Court agrees that the ALJ erred and finds this issue must be revisited on remand.

On July 3, 2017, Dr. Sen completed an assessment of Plaintiff's mental functional capacity based on her healthcare provider's records from August 2016 to July 2017. [AR 71-73.] In a mental residual functional capacity assessment form,

---

[3]    "A prior administrative medical finding is a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review in your current claim based on their review of the evidence in your case record . . ." 20 C.F.R. § 404.1513(a)(5).

Dr. Sen indicated that Plaintiff is markedly limited in her ability to understand, remember, and carry out detailed instructions.  [AR 76-77.]  Plaintiff would also have moderate limitations in her ability to: maintain attention and concentration for extended periods; sustain an ordinary routine without special supervision; complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; work in coordination with or in proximity to others without being distracted by them; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; respond appropriately to changes in the work setting; travel to unfamiliar places or use public transportation; and set realistic goals or make plans independently of others. [AR 76-78.]  In narrative form, Dr. Sen described that Plaintiff's social interaction capacities "will have limitations due to Autism Spectrum Disorder, [she is] able to accept basic instructions and respond to directions and get along superficially with coworkers."  [AR 78 (emphasis added).]

The ALJ noted that Dr. Sen's opinion was "less persuasive" as the record showed that Plaintiff had "greater limitations than Dr. Sen opined."  Despite finding that Dr. Sen's opinion was not restrictive enough, the ALJ found that Plaintiff had even less limitations than those opined by Dr. Sen, namely that Plaintiff could have "normal contact with supervisors."  [AR 22.]  In other words, the ALJ disregarded Dr. Sen's opinion because it failed to appropriately account for all of Plaintiff's limitations.  However, the ALJ ultimately found, without explanation, that Plaintiff was less limited than Dr. Sen opined.

On September 29, 2017, Dr. Covey completed a similar assessment of Plaintiff's mental functional capacity.  [AR 89-92.]  Like Dr. Sen, Dr. Covey also found that Plaintiff would be moderately limited in many of her mental and social abilities.  [AR 89-92.]  Dr. Covey further described Plaintiff's social interaction

1   capacities as limited to "superficial interaction w[ith] supervisors and coworkers in
2   an environment that does not require interaction w[ith] the public." [AR 91.]

3          The ALJ found Dr. Covey's opinion "persuasive as it is supported with
4   explanation, and it is consistent with both the treatment record and the records of the
5   Plaintiff's continuing education and job training progress." [AR 25.]
6   Notwithstanding the ALJ's apparent acceptance of Dr. Covey's opinion, the ALJ
7   failed to adopt all of Dr. Covey's mental limitations in Plaintiff's residual functional
8   capacity, namely, that she is limited to "superficial interaction with supervisors and
9   coworkers." [AR 91.] Instead, the ALJ found that Plaintiff can have "*normal*
10  contact with supervisors." [Pltf.'s Br. at 6-9.]

11         At the administrative hearing, the VE testified, in response to a hypothetical
12  question from Plaintiff's counsel regarding an individual with Plaintiff's RFC,
13  "except for the interaction with supervisors and coworkers will be no more than
14  superficial interaction." [AR 63-64.] In response to Plaintiff's counsel's question,
15  the VE testified that "no work" would be available for an individual "if all
16  interaction is to be superficial from day one." [AR 65.]

17         "The hypothetical an ALJ poses to a vocational expert, which derives from
18  the [residual functional capacity], must set out all the limitations and restrictions of
19  the particular claimant. Thus, a [residual functional capacity] that fails to take into
20  account a claimant's limitations is defective." *Valentine v. Commissioner Social*
21  *Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (citation omitted). Here, the ALJ
22  purported to accept Dr. Covey's opinion with its assessed limitations but did not
23  include those limitations in the residual functional capacity nor in the hypothetical
24  question to the vocational expert. This was error under *Valentine*. Further, the
25  ALJ's errors here go to the heart of the disability determination and are therefore not
26  harmless. When asked about the limitations to "superficial contact" the VE
27  explicitly stated that this limitation would preclude employment. *See Treichler v.*
28  *Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) ("An error is

harmless if it is inconsequential to the ultimate nondisability determination, or if the agency's path may reasonably be discerned . . . ." (internal quotation marks and citations omitted)); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("[A] reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

Defendant contends, nevertheless, that the ALJ properly accommodated the state agency consultants limitations to "superficial contacts with supervisors and coworkers" when he found Plaintiff "limited [to] interpersonal contact overall" and specified that "interaction with supervisors would be the normal contact to get work assignments." [AR 22.]  Furthermore, Defendant devotes a great deal of its argument to the import of the new regulations regarding the evaluation of medical evidence.  [Def.'s Br. at 6-7.]  Defendant's position, it appears, is that the regulations allow the ALJ to indicate acceptance of the state agency medical consultants in spirit but then to disregard the opinion in practice.  The Court rejects this argument.  Under the revised regulations, an ALJ must evaluate the persuasiveness of any medical opinion and PAMF and articulate his or her assessment as to each.  *See* 20 C.F.R. § 404.1520c (2017).  In evaluating persuasiveness, an ALJ must consider the PAMF's supportability, its consistency, the relationship between the source and the claimant, the source's specialization, and other factors such as the source's knowledge of other evidence, social security requirements, and whether there was subsequently submitted evidence. *Id.*; 20 C.F.R. § 404.1520c(c)(1)-(c)(5).

Here, the ALJ explicitly noted that Dr. Covey's opinion was persuasive, without qualification, but failed to include significant limitations found by Dr. Covey.  With respect to Dr. Sen's opinion, that ALJ inconsistently found that Plaintiff had greater limitations than those found by Dr. Sen yet the ALJ's ultimate RFC found Plaintiff less limited in her ability to interact with supervisors and co-

workers.  The Court acknowledges that the ALJ need not discuss every word or every limitation in an opinion.  However, where limitations are significant and plainly conflict with the RFC, the ALJ has some duty to either discount or incorporate them into the RFC.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (as amended) ("We have made it . . . clear that, in reaching her decision, the Secretary may not reject 'significant probative evidence' without explanation."  Because the ALJ did not provide a rational explanation for this failure, remand is warranted on this issue.

**B.     The Court Declines to Address Plaintiff's Remaining Issue**

Having found that remand is warranted to reconsider the state agency reviewing consultants' opinions, the Court declines to address Plaintiff's remaining issue.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.     CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the plaintiff disabled

1   if all the evidence were properly evaluated, remand is appropriate. *Id.*

2         The Court finds that remand is appropriate because the circumstances of this

3   case suggest that further administrative review could remedy the ALJ's errors. *See*

4   *INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative

5   determination, the proper course is remand for additional agency investigation or

6   explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec.*

7   *Admin.,* 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is

8   inappropriate where "there is conflicting evidence, and not all essential factual

9   issues have been resolved"); *Harman*, 211 F.3d at 1180-81.

10        For all of the foregoing reasons, **IT IS ORDERED** that:

11        (1) the decision of the Commissioner is REVERSED and this matter

12            REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further

13            administrative proceedings consistent with this Memorandum Opinion and

14            Order; and

15        (2) Judgment be entered in favor of Plaintiff.

16

17   **IT IS SO ORDERED.**

18

19   DATED: February 14, 2022                    _____

20                                               GAIL J. STANDISH
                                                 UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28